OaRuthebs, J.,
delivered the opinion of the court.
The attachment issued in this case, on the 8th April, 1852, stating the indebtedness of defendant to be four hundred and twenty-eight dollars, and that he had removed, or was about to remove himself, or his property, *665 beyond tbe limits of tbis State. It was made returnable before a justice of tbe peace, wbo gave judgment for tbe amount claimed, after tbe replevy of tbe property. Appeal was taken to tbe circuit court, where tbe proceedings were quashed. "Writ of error to tbis court.
Tbe only ground upon which tbe judgment of tbe circuit court is sustained, in tbe argument here, is, that a justice of the peace lias no jurisdiction by attachment, for tbe amount claimed, and for which judgment was rendered, but that tbe process should have been made returnable to tbe -circuit court where tbe case was alone cognizable.
The jurisdiction of magistrates by process of attachment was very limited until it was enlarged by tbe act of 1843, ch. 29. It was not extended by implication under tbe various acts increasing tbe amount over which these officers bad cognizance by warrant, as bad been decided by our courts. At the time of the passage of the act above cited, tbe amount was two hundred dollars, as fixed by tbe act of 1837, ch. 22. The seventh section of the act of 1843, provides “that tbe jurisdiction of justices of tbe peace in cases of attachment shall be co-extensive with their jurisdiction in cases of warrant.” By the act of 1850, ch. 269, it was extended to five hundred dollars. Now, the question made in argument, is, that this last enlargement is only by warrant, and not by attachment; that the act of 1843, must be confined to the amount over which justices of the peace then had jurisdiction, -which was only two hundred dollars. The legislature do not thus confine and limit it in words. The language of the act is general, and it is, with great plausibility, to say the least of it, contended that any subsequent extension of jurisdiction, without reference to *666 the process by which the suit might be commenced, would embrace cases of attachment. We would not, however, be inclined to enlarge this jurisdiction by construction, as it is subject to very great abuse, being generally carried on without any notice, in fact, to the defendant. But on that question we now give no opinion, as it is unnecessary for the decision of this case.
By the Act of 1852, ch. 157, § 2, we think the jurisdiction to the extent of five hundred dollars, is expressly given to justices of the peace by attachment. The Act of 1843, § 7, seemed to confine the enlargement of jurisdiction by this process, to cases of non-resident and absconding debtors. The act of 1852, was expressly made to amend that section. In the 1st section, the case of debtors removing, or being about to remove, is embraced. The second section makes the process “returnable before a justice of the |>eace, if for an amount within his jurisdiction; if not, then to the circuit court.” As at that time the jurisdiction of a magistrate was five hundred dollars, we cannot but regard the legislature as intending to make the jurisdiction by attachment co-extensive with that by warrant under the then existing law.
Let the judgment of the court below be reversed, and the cause remanded for further proceedings.